UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------ x

WAQAS KHAN,                                    :
                                               :
                          Plaintiff,           :     Case No. 26-cv-_____ (    )
                                               :
             - against -                       :
                                               :
MARCO RUBIO, in his official capacity as       :
Secretary of State of the United States; UNITED :
STATES OF AMERICA; UNITED STATES               :
DEPARTMENT OF STATE; and UNITED                :
STATES DEPARTMENT OF THE TREASURY,             :
                                               :
                          Defendants.          :
------------------------------------------------------------------ x

## **COMPLAINT**

Plaintiff Waqas Khan, by and through his attorney, Paul Batista, P.C., as and for

his Complaint against defendants respectfully alleges:

### **Preliminary Statement**

1.     This action has its genesis in the refusal of the United States Department of

State (the "State Department") to allow Mr. Khan, a citizen of the United States, to utilize his valid

and long-outstanding United States passport.

2.     This arbitrary, capricious and illegal position was communicated to

Mr. Khan by the State Department in or about August 2025 and continues to the present.

3.     Defendants have ignored repeated requests and demands by Mr. Khan and

his representatives to lift the restrictions on Mr. Khan's use of his passport, which is essential for

his ability to engage in international travel for business and personal purposes.

4.     As delineated in greater detail in the balance of this Complaint, the State

Department has asserted that it has been "notified" by the United States Department of the

Treasury (the "Treasury Department") that Mr. Khan has a "seriously delinquent federal tax debt." Mr. Khan is entitled, among other things, to injunctive and declaratory relief, as well as attorneys' fees and expenses, as a result of defendants' violations of his Constitutional and statutory rights.

5.      Since Mr. Khan has no tax debt to the United States, no grounds exist for defendants to nullify his passport and prevent him from the essential use of his passport.

## Jurisdiction and Venue

6.      This Court has jurisdiction under 28 U.S.C. §§1331 (federal question) and 1346 (civil actions against the United States).

7.      This Court has further remedial authority under the Declaratory Judgment Act, 28 U.S.C. §§2201 *et seq.*

8.      Defendants are subject to personal jurisdiction in this Court.

9.      Venue is proper in this District under 28 U.S.C. §§1391(b)(2) and 1391(c)(1). Defendants are the United States and its agencies. A substantial part of the events or omissions giving rise to this Complaint occurred in this District.

## Parties

A.      *Plaintiff*

10.     Mr. Khan in a United States citizen and a resident of the State of New York.

B.      *Defendants*

11.     Defendant Marco Rubio is the Secretary of State of the United States. He is sued in his official capacity.

12.     Defendant United States of America is the government of the United States and includes all government agencies.

13.     Defendant Treasury Department is a federal executive department.

14.     Defendant State Department is a federal executive department.

## Statement of Facts Common to All Counts

A.      *The Significance of Passports*

15.     A passport is an essential government-issued document that individuals such as Mr. Khan use for various important purposes throughout their lifetime.

16.     Pursuant to 8 U.S.C. §1185(b), passports are necessary for travel outside of the United States and for re-entry into the United States.  Moreover, foreign countries generally bar entrance by United States citizens without a valid United States passport or condition issuance of a necessary visa on the holding of a valid United States passport.

17.     As in the case of Mr. Khan, United States passports often are necessary for numerous purposes and routinely are the only form of identification carried by a United States citizen that is recognized or acknowledged by foreign authorities or foreign private citizens.  As Mr. Khan and other United States citizens have experienced, a passport is needed in other countries for the purposes of registering into a hotel and of receiving medical services, among other things.

18.     Passports can also be useful or necessary for travel within the United States. If, for example, a person does not have another valid form of identification, he or she generally cannot board a commercial airplane.

B.      *Defendants' Revocation of Mr. Khan's Use of His Passport*

19.     In or about August 2025, the State Department unilaterally revoked Mr. Khan's use of his passport, which Mr. Khan has held for many years.

20.     More specifically, by letter dated August 27, 2025, the State Department asserted that Mr. Khan is "ineligible for passport services because the Department of Treasury's Internal Revenue Service (IRS) certified that you [Mr. Khan] have a seriously delinquent tax debt."

3

21.     Mr. Khan has no delinquent tax debt to the United States.

22.     Defendants' assertions that he is "ineligible" for "passport services" are arbitrary, capricious and without foundation in fact.

23.     Likewise, any contention by the Treasury Department that Mr. Khan has a "seriously delinquent tax debt to the United States" is arbitrary, capricious and without foundation in fact.

24.     On numerous occasions since August 2025, Mr. Khan has repeatedly sought from the State Department and the Treasury Department the revocation of the suspension of his passport.

25.     Despite the clarity of his repeated requests, both the State Department and the Treasury Department have refused to restore Mr. Khan's use of his passport.

26.     Mr. Khan is an executive of a business involved in the distribution of food and other products produced overseas and imported into the United States.

27.     Crucial to the success of Mr. Khan's business and his livelihood is his ability to visit foreign nations to advance his business interests and the business interests of the firms with which he is associated.

28.     Mr. Khan has sustained injury and damage to his business and property interests as a direct result of defendants' illegal conduct.

4

## Count I
### [For Declaratory Judgment]

29.    Mr. Khan repeats and realleges each and every allegation of ¶¶1-28, *supra*.

30.    Pursuant to 28 U.S.C. §2201, an actual case or controversy exists as to defendants' conduct in defendants' revocation of Mr. Khan's ability to use his passport.

31.    By reason of the foregoing, Mr. Khan is entitled to a declaratory judgment determining that (i) defendants have arbitrarily and capriciously violated Mr. Khan's rights and privileges to utilize his passport and (ii) defendants are obligated to restore immediately Mr. Khan's passport and the use of that passport.

## Count II
### [For Injunctive Relief]

32.    Mr. Khan repeats and realleges each and every allegation of ¶¶1-31, *supra*.

33.    Defendants' actions as described in this Complaint violate his rights under the Fifth Amendment to the United States Constitution and its provision that "[n]o person shall...be deprived of life, liberty, or property, without due process of law."

34.    Defendants' conduct has, among other things, deprived Mr. Khan of his liberty without due process of law and his property interest in the use of his passport.

35.    Mr. Khan has no adequate remedy at law and has sustained, and will continue to sustain, irreparable injury as a consequence of defendants' conduct.

36.    By reason of the foregoing, Mr. Khan is entitled to preliminary and permanent injunctive relief entitling him to the use of his passport.

WHEREFORE, plaintiff Waqas Khan demands judgment against defendants by:

(A)     Granting the relief requested in Count I and Count II;

(B)     Awarding compensatory damages in an amount to be determined by the Court;

(C)     Awarding the attorneys' fees and costs incurred by Mr. Khan; and

(D)     Granting such other and further relief as the Court may determine to be appropriate.

Dated: New York, New York
       July 13, 2026

PAUL BATISTA, P.C.

By: _____
     Paul Batista
     *Attorney for Plaintiff Waqas Khan*
     26 Broadway, Suite 1900
     New York, New York 10004
     (T) 631 377 0111
     Batista007@aol.com

6