UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| WAQAS KHAN, Plaintiff, -v- MARCO RUBIO, in his official capacity as Secretary of State of the United States; UNITED STATES OF AMERICA; UNITED STATES DEPARTMENT OF STATE; and UNITED STATES DEPARTMENT OF THE TREASURY, Defendants. | : | 26 Civ. 5893 (JPC) <br> ORDER |

JOHN P. CRONAN, United States District Judge:

The Complaint in this action was filed on July 13, 2026. Dkt. 1. Defendants have not appeared in this action, and the docket does not reflect whether they have been served. Pursuant to Federal Rule of Civil Procedure 4(m), "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). Nor has Plaintiff requested an extension of time to serve Defendants.

Plaintiff must also follow the rules of service provided by Federal Rule of Civil Procedure 4(i). To serve the United States, Plaintiff must "(A)(i) deliver a copy of the summons and of the complaint to the United States attorney for the district where the action is brought—or to an assistant United States attorney or clerical employee whom the United States attorney designates in a writing filed with the court clerk—or (ii) send a copy of each by registered or certified mail to the civil-process clerk at the United States attorney's office; (B) send a copy of each by registered or certified mail to the Attorney General of the United States at Washington, D.C.; and (C) if the

action challenges an order of a nonparty agency or officer of the United States, send a copy of each by registered or certified mail to the agency or officer." Fed. R. Civ. P. 4(i)(1). To serve a United States agency or corporation, or a United States officer or employee in an official capacity, Plaintiff "must serve the United States and also send a copy of the summons and of the complaint by registered or certified mail to the agency, corporation, officer, or employee." Fed. R. Civ. P. 4(i)(2).

Accordingly, Plaintiff is ordered to file a status letter by October 20, 2026, describing (1) whether service of the Summons and Complaint has been made on Defendants, and if not, (2) why good cause exists to excuse Plaintiff's failure to serve Defendants within the 90-day deadline set by Rule 4(m). *See* Fed. R. Civ. P. 4(m) ("[I]f the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period."). The Court reminds Plaintiff that "[t]o establish good cause a plaintiff must demonstrate that despite diligent attempts, service could not be made due to exceptional circumstances beyond his or her control." *Deptula v. Rosen*, 558 F. Supp. 3d 73, 75 (S.D.N.Y. 2021) (citation modified).

Plaintiff must file this letter even if service of the Summons and Complaint is or has already been made on Defendants. If Defendants have been served, Plaintiff must also file proof of service on the docket no later than October 20, 2026.

SO ORDERED.

Dated: October 13, 2026
New York, New York

JOHN P. CRONAN
United States District Judge